# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                          CV 16-411 KG/WPL
                                          CR 15-2989 KG

FREDOR EDUARDO CARBAJAL-ARGUETA,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      Fredor Eduardo Carbajal-Argueta filed a Motion Under 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015), to vacate, set aside, or correct sentence. (CV Doc. 1; CR Doc. 33.)[1] He argues that he is entitled to resentencing because a provision in the sentencing guideline for Unlawfully Entering or Remaining in the United States, U.S.S.G. § 2L1.2 (2015), that was used to enhance his sentence is unconstitutionally vague. (*See* Doc. 1 at 1.) Because I find that Carbajal-Argueta's claims may be resolved on the record alone, I have not conducted an evidentiary hearing. I recommend that his motion be denied.

### BACKGROUND

      Carbajal-Argueta pleaded guilty on October 7, 2015, to a one count indictment charging him with reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). (CR Docs. 21, 28, 29.) The Presentence Report ("PSR") calculated a base offense level of 8 under U.S.S.G. § 2L1.2; an enhancement of 16 levels under § 2L1.2(b)(1)(A)(ii) for a prior felony conviction for robbery/carjacking; a reduction of 3 levels for acceptance of responsibility and 2 levels for the

---

[1] All citations refer to filings in the civil case, unless otherwise noted with "CR Doc," which refers to filings in the criminal case.

plea agreement for a total offense level of 19; a criminal history category of III; and a sentencing range of 37 to 46 months. *See* PSR at 4, 6, 11.

Carbajal-Argueta signed a Fast Track Plea Agreement on October 7, 2015, and pleaded guilty before the Honorable Carmen E. Garza, United States Magistrate Judge, on the same day. (CR Doc. 28, 29.) On January 20, 2016, the Honorable Bernard A. Friedman, Senior United States District Judge, sentenced Carbajal-Argueta to 37 months' imprisonment. (CR. Docs. 31, 32.) He did not file a direct appeal. He filed this § 2255 motion on May 9, 2016. (Doc. 1.)

## STANDARD OF REVIEW

Because Carbajal-Argueta is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). Even with these allowances, however, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## EVIDENTIARY HEARING

A court must conduct a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Under this standard, "the petitioner bears the burden of alleging facts which, if proved, would entitle him to

relief." *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (quotation omitted), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en banc). Accordingly, if the prisoner alleges facts which, if believed, cannot be grounds for relief, there is no need for a hearing. *Id.* Additionally, the petitioner's "allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing." *Id.* (citation and internal punctuation omitted). If the claims relate to occurrences in the courtroom or evidence in the record, then the Court need not conduct a hearing. *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962).

Because the record alone establishes that Carbajal-Argueta's § 2255 motion should be denied, I did not hold an evidentiary hearing.

### DISCUSSION

Carbajal-Argueta "requests consideration of *Johnson* relief" and argues that "the predicates used to enhance or designate him as a lawful [sic] offender are now questionable after the *Johnson* decision." (Doc. 1 at 1) (italics added). The United States responds that "Defendant's sentence was enhanced based on a definition of 'crime of violence' that does not include a residual clause," and "Defendant expressly waived his right to collateral attacks." (Doc. 4 at 1-2.)

In *Johnson*, the Supreme Court found unconstitutionally vague the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2563. The Tenth Circuit, in a recent decision, reiterated that *Johnson* "left untouched the remainder of the ACCA's definition of 'violent felony,'" *United States v. Freeburg*, 655 F. App'x 649, 649 (10th

Cir. 2016) (unpublished), which therefore still includes a crime that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves use of explosives . . . " 18 U.S.C. § 924(e)(2)(B)(i), (ii).

The enhancement Carbajal-Argueta claims is unconstitutional is in the sentencing guideline titled "Unlawfully Entering or Remaining in the United States." U.S.S.G. § 2L1.2. It instructs the court to "[a]pply the [g]reatest" "[i]f the defendant previously was deported, or unlawfully remained in the United States, after," among other things, "a conviction for a felony that is . . . (ii) a crime of violence." § 2L1.2(b)(1)(A)(ii). The *Commentary* defines "crime of violence" as "any of the following offenses under federal, state, or local law" and lists, among other offenses, "robbery." The Tenth Circuit has referred to this part of the definition as the "enumerated clause." *United States v. Maldonado-Palma*, 839 F.3d 1244, 1246-47 (10th Cir. 2016). The *Commentary* also includes as a "crime of violence" "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." This wording is identical to subsection (i) of the ACCA. The Tenth Circuit has referred to this part of the definition as the "elements clause." *Id.* at 1247. Carbajal-Argueta's prior felony conviction was under Fla. Stat. § 812.133, which is titled "Carjacking." Carjacking does not appear in the enumerated clause as a crime of violence.

To determine whether a defendant's prior conviction qualifies as a crime of violence under the enumerated clause of § 2L1.2, courts ordinarily employ the categorical approach, *i.e.*, they compare the offense of conviction with the generic offense. *Maldonado-Palma*, 839 F.3d at 1247. "The elements of the [prior] offense must be the same or narrower than the elements of the generic offense" for the enhancement to be valid. *Id.* (citing *Mathis v. United States*, 136 S. Ct.

4

2243, 2247 (2016)). If, however, the statute sets out alternative elements for the crime, it is considered a divisible statute, and courts employ a modified categorical approach, which requires examination of certain documents in the record to determine the specific elements that sustained the defendant's conviction. *Id.* (citing *Mathis*, 136 S. Ct. at 2249).

The comparison here is between the elements of the Florida carjacking statute and generic robbery. The carjacking statute reads:

> 'Carjacking' means the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear."

Fla. Stat. § 812.133(1). "Generic robbery," in turn, "is the unlawful taking of property from another person or from the immediate presence of another by force or intimidation." *United States v. McGuire*, No. 6:16-cv-01166-JTM, 2016 WL 4479129, at *2 (D. Kan Aug. 25, 2016) (unpublished). Another statute that I discuss below is the Florida robbery statute, which reads:

> 'Robbery' means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).

Applying the categorical approach reveals that the elements of the carjacking statute are narrower than the elements of generic robbery. There are, however, two differences that require explanation. First, the carjacking statute includes both a permanent and temporary deprivation of the motor vehicle, while generic robbery does not address the length of the deprivation of the property. The Ninth Circuit, however, has held that "generic robbery is a theft offense . . . [and] does not include the element that the stolen property be taken permanently." *United States v. Velasquez-Bosque*, 601 F.3d 955, 960 (9th Cir. 2010) (holding that defendant's conviction under

the California carjacking statute qualified as robbery and a crime of violence under § 2L1.2). The temporal differences between the Florida carjacking statute and generic robbery are immaterial.

Second, the carjacking statute lists "force, violence, assault, or putting in fear" as a means of taking the motor vehicle, while generic robbery only includes "force or intimidation" as a means of taking the property. This raises the question of whether the two additional terms in the carjacking statute—"violence" and "assault"—"cover a greater swath of conduct" than the elements of generic robbery and therefore cannot give rise to a sentence enhancement. *See Mathis*, 136 S. Ct. at 2251. They do not.

In *United States v. Flores-Hernandez*, 250 F. App'x 85, 88 (5th Cir. 2007) (unpublished), the Fifth Circuit affirmed the defendant's enhanced sentence under § 2L1.2 for a conviction under the Florida robbery statute and noted the statute "contains the essential elements of robbery." Relatedly, in *Gander v. Secretary Department of Corrections*, No. 3:14cv520/ MCR/EMT, 2015 WL 9647541, at * 7 (N.D. Fla. Nov. 18, 2015) (report and recommendation) (adopted Jan. 6, 2016, 2016 WL 75070) (both unpublished), the magistrate judge reasoned that "the elements of [robbery and carjacking] are identical, except that robbery is broader than carjacking, in that it involves taking of money or other property, while carjacking is limited to motor vehicle robbery." The Florida Supreme Court has also discussed the relationship between the Florida carjacking and robbery statutes, noting: "[t]he carjacking statute is a very specific subset of the more general robbery statute. When the Legislature enacted the carjacking statute, it carved out a particular type of robbery . . . ." *Cruller v. State*, 808 So. 2d 201, 204 (Fla. 2002).

These cases demonstrate that Carbajal-Argueta's conviction under the carjacking statute qualifies him for an enhanced sentence under the crime of "robbery" in the enumerated clause of § 2L1.2. The inferential chain is as follows: per *Flores-Hernandez*, the elements of the Florida

robbery statute are akin to the elements of generic robbery and qualify a defendant for an enhancement under § 2L1.2; per *Gander* and *Cruller*, the elements of the Florida carjacking statute are narrower than the elements of the Florida robbery statute; so here, Carbajal-Argueta's prior conviction under the Florida carjacking statute qualifies him for an enhancement under the "crime of violence" of "robbery" in the enumerated clause of the *Commentary* of § 2L1.2 because the elements of carjacking are narrower than the elements of generic robbery.

Given that Carbajal-Argueta's sentence was validly enhanced, his *Johnson* argument is inapplicable because he was not sentenced under the residual clause of the ACCA or a similar residual clause in § 2L1.2.

Carbajal-Argueta also waived the right to collaterally attack his sentence, and the waiver is enforceable under Tenth Circuit precedent. In *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), the court adopted a "three-prong analysis" for "reviewing appeals brought after a defendant has entered into an appeal waiver": "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."

Applying the first prong, the collateral attack falls within the scope of the waiver because Carbajal-Argueta filed a § 2255 motion after waiving his right to file a § 2255 motion. That is, the Plea Agreement states that "defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence . . . pursuant to 28 U.S.C. § . . . 2255 . . . except on the issue of defense counsel's ineffective assistance" (Doc. 28 at 6), but Carbajal-Argueta later filed a § 2255 motion raising a claim under *Johnson*, which does not qualify as a motion addressing defense counsel's ineffective assistance.

Applying the second prong, Carbajal-Argueta's waiver was knowing and voluntary because it satisfies the "two factors" listed in the *Hahn* decision: "First . . . whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, [whether there was] an adequate Federal Rule of Criminal Procedure 11 colloquy." 359 F.3d at 1325 (internal citations omitted).

The Plea Agreement satisfies the first factor because it contains the following statements: an acknowledgement of waiver of appellate rights and collateral attack (*see* Doc. 28 at 6); an acknowledgement that the plea was "voluntarily made and not the result of force or threats" (*id.* at 7); and statements from both Carbajal-Argueta and his attorney that both individuals thoroughly discussed the consequences of the Plea Agreement (*see id.* at 8). As for the second factor, the Plea Minute Sheet indicates that Judge Garza discussed the case with Carbajal-Argueta and questioned him extensively before concluding: "plea freely, voluntarily, and intelligently made." (*See* Doc. 29 at 1.)

Applying the third *Hahn* factor, enforcing the plea does not result in a miscarriage of justice because there is no evidence in the record—and no argument from Carbajal-Argueta—that the waiver resulted from "one of the four [prohibited] situations": "the district court relied on an impermissible factor such as race, . . . [the defendant received] ineffective assistance of counsel in connection with the negotiation of the waiver [which] renders the waiver invalid, . . . the sentence exceeds the statutory maximum, or . . . the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

CONCLUSION

The Supreme Court's decision in *Johnson* has no impact on the validity of the enhanced sentence Carbajal-Argueta received under U.S.S.G. § 2L1.2(b)(1)(A) (2015). In addition, Carbajal-Argueta's Plea Agreement waived collateral review of his sentence, and the waiver is enforceable.

I recommend that Carbajal-Argueta's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 125) be denied and this case be dismissed with prejudice. I further recommend that the Court deny a Certificate of Appealability. *See* 28 U.S.C. § 2253(c).

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE